## PIERCE v
## KROGER GROCERY & BAKING CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2649.   Decided Dec 5, 1936

James B. Yaw, Columbus, and Harry Kohn, Columbus, for plaintiff in error.

Vorys, Sater, Seymour & Pease, Columbus, for defendant in error.

### OPINION

By THE COURT

The plaintiff in error was plaintiff in the Common Pleas Court and the defendant in error was defendant. The parties will be referred to as they stood in that court. Plaintiff in her amended petition alleges that on or about July 28, 1934, she entered defendant's store for the purpose of trading therein; that the floor of the storeroom was of wooden construction and that when plaintiff entered into the storeroom and passed over said flooring it was free and clear of any foreign substance thereon; plaintiff says that after having purchased merchandise she started to recross the floor in order to make her exit and passed over the same flooring and passageway when she was suddenly and violently thrown to said flooring by reason of her having trod and stepped upon a soft and mushy peach which was on said floor, the texture and peeling of which were slippery; that as a result of said fall she suffered certain injuries. Plaintiff says that after she had originally passed over said flooring and passageway and in the interim between her return and re-passage thereon, a clerk and agent of the defendant, whose name is to plaintiff unknown, had carelessly, recklessly, negligently and wantonly dropped and thrown the said peach on the said flooring and had permitted the same to be and remain in said position without picking up the same or causing it to be removed, of which conduct of defendant's agent and clerk plaintiff had no knowledge and whereof no attempt had been made by the defendant to apprise her. Plaintiff charges defendant with negligence in that it did

not keep said floor in a reasonably safe condition, in that it caused a peach to be and remain on said floor; that defendant failed and neglected to remove the said peach from said floor and failed and neglected to warn plaintiff of the peril of stepping thereon, of which the defendant had knowledge; that the defendant well knowing of the use of the said floor and passageway in said storeroom by customers, carelessly, recklessly and negligently invited plaintiff to pass over the portion of the floor, which portion it had previously caused to be in a dangerous and unsafe condition of slipperiness by reason of the said peach having been by it placed and being and remaining thereon.

To the amended petition the defendant filed its answer denying the material averments thereof and alleging that if plaintiff was injured or damaged as set forth in her amended petition, that such injury and damage was due to the carelessness and negligence of plaintiff and without any fault or negligence on defendant's part.

To the answer was filed a reply denying that the injury and damage suffered by plaintiff was due to any carelessness or negligence on her part and denying that defendant was without fault or negligence. On the issues joined trial was had before the court and a jury and the jury returned a verdict for the defendant. At the request of the defendant the court gave the following special charge:

"In order for plaintiff to maintain her action for injury caused by a fall on a peach in the defendant's store, she must prove by a preponderance of the evidence that the presence of such peach in the place where she fell was known to the defendant, or that the peach, if there was a peach there, had remained on the floor for such a length of time that notice of its presence in the exercise of ordinary care on the part of the defendant might be presumed."

The giving of this instruction was claimed by plaintiff as prejudicial error.

The bill of exceptions aside from formal matters contains only the special instruction set forth above; no testimony whatever is included in it. There is nothing in the record to support the allegation in the amended petition that a clerk and agent of the defendant had carelessly, recklessly, negligently and wantonly dropped and thrown a peach on the floor.

We can not say that it was error for the court to give the instruction in the absence of the pertinent testimony. See **Kroger Grocery and Baking Co. v McCune, 46 Oh Ap 291, (16 Abs 78).**

Failure of plaintiff to include the testimony in the bill of exceptions gives us no alternative but to affirm the judgment. **The Butterick Pub. Co. v Smith et, 112 Oh St 73; Bradley v The Cleveland Ry. Co., 112 Oh St 35.**

The judgment is affirmed.

CRAIG, PJ, HORNBECK and BARNES, JJ, concur.